## Joseph D. Conrow, Plff. in Err., v. George T. Gravenstine.

In order that a partnership shall be limited under the acts relating to that subject, the provisions of those acts which authorize the creation of limited partnerships must be strictly obeyed.

An affidavit of defense to an action upon a promissory note given in the name of a partnership setting up that defendant was a limited partner, held insufficient because it did not aver that the requirements of the act of 1865 relating to limited partnerships had been complied with.

(Decided February 15, 1886.)

Error to the Common Pleas, No. 2, of Philadelphia County to review a judgment for plaintiff in an action upon a promissory note. Affirmed.

This action was brought by George T. Gravenstine against William H. Brown and Joseph D. Conrow, trading as William H. Brown & Company, to recover the amount of a promissory note signed by them. To this action Conrow filed the following affidavit of defense.

Joseph D. Conrow, one of the defendants, being duly affirmed, says: "I have a defense to the above action, of the following nature:

"In January, 1881, I entered into a special contract with William H. Brown as a special partner, under the act of 1836 and its supplements. The contract was duly recorded and published, affidavit filed, etc. I paid in the full amount of my capital, no part of which was ever drawn out by me, nor did I ever receive anything as interest or profits thereon. I never acted on behalf of the firm, nor in any way interfered with the firm business. The plaintiff had actual notice that I was a special partner only. Deponent suggests that he is not liable for the debts of the firm, defendant, unless the use of the words '& Co.' is a violation of the act of 1836 and its supplements.

"Deponent is advised and believes, by reason of the facts hereinafter set forth, that he is entitled to have the plaintiff

NOTE.—Failure to comply with the provisions of the act of 1836 relating to partnerships, and the supplements of March 30, 1865, and February 21, 1868, will render the special partner liable as a general one to creditors of the firm. Vandike v. Rosskam, 67 Pa. 330; Metropolitan Nat. Bank v. Gruber, 16 Phila. 198; Bergner & E. Brewing Co. v. Cobb, 12 Pa. Co. Ct. 460; Dennison v. Miner, *ante*, 399, 17 W. N. C. 561, 2 Atl. 561.

show under what circumstances he became the holder of the note sued on in this case. By our articles of agreement William H. Brown covenanted and agreed not to give or indorse any notes in the firm name. The note sued on in this case was given without my knowledge or consent, and was unnecessary in the firm business. The books of the firm show that the firm never received value for said note, nor was said firm ever credited with the proceeds, if any were ever received. In 1882, the stock of the firm was insured for $5,000, appraised at nearly $8,000, and was actually worth about $10,000. Since which time Wm. H. Brown, the sole general partner, has sold nearly all of said stock without deponent's knowledge, and, with a trifling exception, has entered no credit therefor on the books of the firm; and he has also given and indorsed without deponent's knowledge notes to a large amount, many of which deponent believes, and expects to be able to prove, were not bona fide and for a valuable consideration."

Judgment was entered for plaintiff, and Conrow brought error.

*S. Morris Waln,* for plaintiff in error.—As to the effect of the use of the words "& Co." in the firm name, § 13 of act of March 21, 1836 (see P. L. 1836): "The business of the partnership shall be conducted under a firm in which the names of the general partners only shall be inserted, without the addition of the word 'company.' "

Act March 30, 1865 (Purdon's Digest, 939, § 34): "The business of the partnership shall be conducted under a firm in which the names of all of the general partners shall be inserted, except that when there are more than two general partners, the firm name may consist of either two of such partners, with the addition of the words 'and company.' "

Act February 21, 1868 (Purdon's Digest, 939, § 35): "The firm name of any limited partnership may consist of the name of any general partner with the addition of the words 'and company.' "

It will be observed that the act of 1865 divided all special partnerships into two classes: First, where there were but one or two general partners; second, where there were more than two general partners. In the first class, the use of the words "& Co." was not permitted. As to this class, § 13, act 1836,

still remained in force. In the second class, the words "& Co." might be used in the firm name. As to this class, § 13, act 1836, was repealed.

These three acts should be read as one entire act. The legislature, in speaking of limited partnerships in the act of 1865, divided all limited partnerships into two distinct classes, and in the latter case (clearly designated by the number of the general partners) authorized the use of the names of either two of the general partners in the firm name with the addition of the words "& Co."

By the act of 1868 the firm name of any limited partnership may consist of the name of any general partner with the addition of the words "& Co."

In construing that act the question is: Does the act of 1868 apply to any class of limited partnership, or does it apply to the latter class under the act of 1865 only? It has been held by common pleas No. 4, Metropolitan Nat. Bank v. Gruber, 40 Phila. Leg. Int. 465, that the act of 1868 applies to the latter class under act of 1865 only, i. e., where there are more than two general partners. If this contention be correct, then the act of 1868 was solemnly enacted for the sole purpose of enabling a limited partnership under the second class, 1865, to drop a single name from its firm style. Having, by the act of 1865, formed two distinct classes of limited partnerships, and having thus used the language: "either two," with the addition of the words "& Co." in speaking of the firm name of the latter class, the legislature would have used the words, either one, in the act of 1868, if this act were intended to refer to the latter class under act of 1865 only, and, as in act of 1865, this class would have been clearly designed by referring to the number of general partners in that class as more than two. If the legislature had said, in the act of 1868, that where the firm consists of more than two general partners, the firm name may consist of the name of either one of the general partners with the addition of the words "& Co." then the words "& Co." could not have been used in the first class, or where there were but one or two general partners. But the act of 1868 refers to no particular class of limited partnerships. The words of the act are general, without regard to the number of partners. "The firm name of any limited partnership may consist of the name of any general partner with the addition of the words '& Co.' "

In Andrews v. Schott, 10 Pa. 47, in 1848, it was held that the use of the words "& Co." in the firm name, rendered the special partner liable, and that knowledge by the creditors that the defendant was a special partner only did not discharge his liability.

Section 13, act 1836, was omitted in Purdon's Digest, §§ 935–939, after the act of 1868 was passed, and in 2 Brightly's Digest, 1876, 275, it is stated that Andrews v. Schott, 10 Pa. 47, was rendered obsolete by acts 1865, 1868.

Averments of fraud, deceit, or false pretense in the affidavit of defense shift the burden of proof. Hutchinson v. Boggs, 28 Pa. 294; Smith v. Popular Loan & Bldg. Asso. 93 Pa. 19.

*Joseph Savidge* and *Abram H. Smith,* for defendant in error. —If the defendant is not able to make out a prima facie case himself, the court could not help him by inference drawn from obscure language. Bardsley v. Delp, 6 W. N. C. 479.

The plaintiff in error is a general partner because the firm expressly violated the provisions of the act on which the partnership was formed.

First, in the use of the word "Co.," the use of the said word "Co." being permissible only where there are two or more general partners. Act March 30, 1865, § 2 (P. L. p. 46); Act February 21, 1868, § 1 (P. L. p. 42); Andrews v. Schott, 10 Pa. 47; Metropolitan Nat. Bank v. Gruber, 14 W. N. C. 12.

Second, in neglecting to place upon and in front of their place of business a legible printed sign giving the names of the general and special partner. Act March 30, 1865, § 2 (P. L. p. 46); Act February 21, 1868, § 1 (P. L. p. 42); Metropolitan Nat. Bank v. Gruber, 14 W. N. C. 12.

No partnership is limited in Pennsylvania, unless it be formed in strict compliance with the acts of assembly relating to limited partnerships. Andrews v. Schott, 10 Pa. 47; Richardson v. Hogg, 38 Pa. 153; Metropolitan Nat. Bank v. Gruber, 14 W. N. C. 12.

The note in this case being issued as a firm note, signed with the firm's name during the continuance of the partnership is prima facie a firm debt. Hogg v. Orgill, 34 Pa. 344.

If a partner give a firm note, the firm is liable, and it cannot be defeated by proof that one of the partners appropriated the proceeds to his separate use. Haldeman v. Bank of Middle-

town, 28 Pa. 440; 70 Am. Dec. 142; Sedgwick v. Lewis, 70 Pa. 217.

OPINION BY MR. JUSTICE GREEN:

The question before us is simply whether the plaintiff was entitled to judgment notwithstanding the affidavit of defense filed. He is an indorsee of negotiable paper, presumably for value and before maturity. There is nothing averred in the affidavit which touches him personally or impugns the good faith of his title. The defense that Conrow was a special partner might avail if the facts necessary to sustain that defense were set forth in the affidavit. But they are not. A fatal omission is that the positive requirements of the act of 1865 in relation to limited partnerships are not averred as having been complied with. The second section of the act of March 30, 1865, provides as follows: "But the said partnership shall put up, upon some conspicuous place on the outside and in front of the building in which it has its chief place of business, some sign on which shall be painted in legible English characters, all the names in full, of all the members of said parnership, stating who are general and who are special partners."

In order that a partnership shall be a limited partnership under the acts relating to that subject, the provisions of the laws which authorize their creation must be strictly complied with. If they are not, the partnerships thus sought to be created simply fail to become special and remain general. Such is the case here. The note in suit is signed "Wm. H. Brown & Co." The defendant is a member of that firm. Although the affidavit of defense alleges that he was only a special partner, and avers compliance with some of the requirements of the law, it omits the very important one which directs the exhibition of the sign, and we are therefore unable to say that the partnership is special. If all the facts set forth in the affidavit of defense were proved on the trial precisely as they are stated, they would not make out a case of special partnership so as to relieve the defendant from liability as a general partner, and therefore the verdict would necessarily be rendered against him. In this state of the record it was the duty of the court below to enter judgment for want of a sufficient affidavit of defense, which was done, and we cannot say there was any error in so doing.

Judgment affirmed.